UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARTHA DUARTE,

       Plaintiff,

vs.

BELLSOUTH TELECOMMUNICATIONS
LLC d/b/a AT&T,

       Defendant.

_____/

## COMPLAINT

    Plaintiff, Martha Duarte, brings this action to address the conduct by Defendant, Bellsouth

Telecommunications LLC d/b/a AT&T ("ATT"), as follows:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Martha Duarte**, was and is a resident of Miami-Dade County, at all

times material, and she is *sui juris*.

    2.    **Defendant, ATT**, is a foreign limited liability company, and it is *sui juris*.

    3.    ATT maintains offices in Miami, and it employed Ms. Duarte in Miami.

    4.    This Court has original jurisdiction over Ms. Duarte's claims that arise under federal

law pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12101, *et seq.*, and supplemental / pendent

jurisdiction over her related state law claim(s) pursuant to 28 U.S.C. §1367.

135    San    Lorenzo  770, Miami, FL  46
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

5.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because ATT is located within this District and because the actions complained of occurred within this District.

*Background Facts*

6.     ATT hired Mrs. Duarte as a Sales Associate in one of its Miami call centers on October 16, 2000.

7.     Mrs. Duarte was unlawfully terminated by ATT in 2014, and filed a complaint with the United States Equal Employment Opportunity Commission (EEOC).

8.     ATT reinstated Mrs. Duarte's position on May 5, 2015 pursuant to a settlement agreement.

9.     ATT made the call center environment inhospitable and working conditions intolerable upon Mrs. Duarte's return to the office in an effort to make her resign.

10.    Specifically, Mrs. Duarte was denied the same entry to the call center building as other employees because she was not provided an access badge, and security had to escort her around the premises everyday.

11.    Mrs. Duarte was given a broken chair to sit in, and an old computer that did not have access to all of ATT's internal systems, which ultimately had a negative impact on her ability to sell to potential ATT customers.

12.    Mrs. Duarte did not receive proper training on new internal policies that were implemented during the fourteen-month (14) period after she was unlawfully terminated, which ultimately had a negative impact on her ability to sell to potential ATT customers.

2

13.     Mrs. Duarte was then repeatedly and improperly chastised by her call center supervisors for ATT's failures to provide her with adequate training and technology as indicated above.

14.     Her immediate supervisor, Simon Boyer, called Mrs. Duarte into his office at least thirteen (13) times in a sixty-day (60) period to comment on her age and ability to work in the call center. This practice also had a negative impact on Mrs. Duarte's ability to sell to potential ATT customers because she could not work on the sales floor while being unnecessarily and unfairly reprimanded in her supervisor's office.

15.     Furthermore, Mrs. Duarte was entitled to receive certain employee discounts on ATT internet and television services that she never received, and thus she had to pay full price for them.

16.     The above cited actions represent a portion of the retaliatory actions that ATT subjected Mrs. Duarte to upon her return to work in July 2015 until early 2017.

17.     ATT's retaliatory actions caused Mrs. Duarte to seek psychiatric help from mental health professionals who diagnosed her with various mental disabilities, which were all attributed to the stresses she experienced from working at ATT.

18.     Mrs. Duarte's mental health professionals deemed her status so severe that she was required to take short-term and long-term disability leave due to the oppressive conditions at the ATT call center. Therefore, Mrs. Duarte was disabled.

19.     Ms. Duarte filed a second EEOC complaint against ATT in February 2017, thus fulfilling her condition precedent to filing this lawsuit.

135   San   Lorenzo   770, Miami,  FL   46
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

20.     After returning from a short-term disability leave of absence in February 2018, Mrs. Duarte complained that her computer systems and personal account information were still not working properly, which prevented her from fulfilling her sales credits and ultimately had a negative impact on her ability to sell to potential ATT customers.

21.     As a result of Mrs. Duarte's sales performance, induced by ATT's continued retaliatory actions, she received negative remarks on her sales reports cards that adversely impacted her commissions.

22.     Mrs. Duarte also requested to be allowed to work from home at the start of the COVID-19 pandemic because she has several medical conditions that made her more susceptible to serious complications from the virus if she contracted it, and she lives with her immunocompromised child who could also not be exposed to the virus.

23.     ATT refused Mrs. Duarte's reasonable request to work from home to prevent being exposed to COVID-19, even though she worked in a call center with nearly 100 hundred other people, which further exacerbated her mental impairment.

24.     Mrs. Duarte was otherwise qualified to work as a Sales Associate with ATT, as she could still perform the essential functions of her job.

25.     All conditions precedent have been performed by Mrs. Duarte, occurred, or waived by ATT.

26.     Mrs. Duarte retained the undersigned counsel and agreed to pay her counsel a reasonable fee for all services rendered.

## COUNT I – RETALIATION IN VIOLATION  OF
## TITLE VII OF THE CIVIL RIGHTS ACT

135     San     Lorenzo   770, Miami, FL   46
TEL 305.230.4844  FAX 305.230.4844
*www.fairlawattorney.com*

Plaintiff, Martha Duarte, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further allege as follows:

27.     Title VII, at 42 U.S.C. § 2000e-3(a), makes it unlawful for an employer to discriminate against an employee because the employee has opposed any practice made an unlawful employment practice under Title VII, or because the employee has made a charge,

testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

28.     ATT was at all times material an "employer", as the term is defined at 42 U.S.C. § 2000e.

29.     Mrs. Duarte possessed the skills, background, and qualifications necessary to perform the duties of his position.

30.     Mrs. Duarte performed her work for Defendant satisfactorily, and she was in all respects a good employee of Defendant.

31.     Mrs. Duarte engaged in statutorily protected activity by filing an EEOC complaint against ATT in 2014 after she was terminated for age discrimination.

32.     Mrs. Duarte was reinstated to her Sales Associate position in 2015, but ATT still retaliated against her when she returned to work.

33.     ATT retaliated against Mrs. Duarte by refusing to give her an access badge to the call center; by providing her with broken office furniture; by providing her with a computer that could not access all of ATT's internal systems that she needed to perform her work; by failing to properly train her on new internal systems that were implemented during the time she had been unlawfully terminated; by limiting her access to potential customers and thereby preventing her from reaching

135   San   Lorenzo   770, Miami, FL   46
TEL 305.230.4844  FAX 305.230.4844
www.fairlawattorney.com

sales goals and earning commissions; and, by continually being reprimanding by her supervisors for circumstances created by ATT as specified in this paragraph and above.

34.     ATT's retaliatory actions against Mrs. Duarte, when considered individually or collectively, constitute an adverse employment action for purposes of Title VII.

35.     These actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of the employment of Mrs. Duarte's employment, and/or adversely affected her status as an employee.

36.     Defendant's actions were malicious and demonstrated a reckless indifference to the rights of Mrs. Duarte.

37.     The aforementioned acts of commission and omission by Defendant were done willfully, wantonly, and with reckless disregard for the consequences of such actions.

38.     Mrs. Duarte suffered damages in the form of lost income in the past, lost income in the future, lost benefits, lost seniority rights, mental anguish, loss of dignity, and other intangible injuries.

39.     Pursuant to Title VII, Mrs. Duarte is entitled to recover her attorneys' fees and costs from Defendant, in addition to damages and punitive damages.

 WHEREFORE, Plaintiff, Martha Duarte, demands the entry of a judgment in her favor and against Defendant, Bellsouth Telecommunications LLC, after a trial by jury, declaring that the Defendant violated Title VII of the Civil Rights Act in retaliating against her, awarding her compensatory damages including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages,

granting her a permanent injunction against Defendant from engaging in discriminatory/retaliatory employment practices, and awarding her taxable costs and attorneys'

135      San     Lorenzo   770, Miami, FL   46
TEL 305.230.4884  FAX 305.230.4884
*www.fairlawattorney.com*

fees.

## COUNT II –DISABILITY DISCRIMINATION IN
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT (ADA)

Plaintiff, Martha Duarte, reincorporates and re-alleges paragraphs 1-24 as though set forth fully herein and further alleges as follows:

40. Title I of the ADA prohibits discrimination by an employer against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).

41. ATT was at all times material an "employer", as the term is defined by the ADA.

42. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; ... or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

43. Mrs. Duarte was disabled as a result of her mental impairment that substantially limited one or more major life activities, such as concentrating and working.

44. ATT also "regarded" Mrs. Duarte as disabled as a result of her mental impairments that substantially limited one or more major life activities, such as concentrating and working.

45. Mrs. Duarte was, nonetheless, still qualified to perform the functions of a Sales Associate with ATT.

46. ATT was a "covered entity" that discriminated against Mrs. Duarte "on account of" her (perceived) disability and/or "on account of" her actual disability.

47. Mrs. Duarte took various short-term disability leaves of absence from December 2015 to April 2019 based on her mental health diagnoses, which stemmed from the work environment created by ATT.

135      San      Lorenzo  770, Miami,  FL    46
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

48. ATT knew that Mrs. Duarte was disabled because her mental impairments formed the basis of her short-term leaves of absence which she had to supply a doctor's note for, and the leave had to be approved by ATT.

49. Despite knowing that Mrs. Duarte suffered from various mental impairments caused by the work environment, ATT still discriminated against Mrs. Duarte on the basis of those mental impairments by continuously preventing her from reaching her sales targets, which further exacerbated her mental stress because she could not make her commissions.

50. Furthermore, ATT refused to provide Mrs. Duarte with the reasonable accommodation of working from home to prevent her from contracting the COVID-19 virus, which further exacerbated her mental impairments.

51. ATT discriminated against Mrs. Duarte because of her disability and request for accommodation(s).

52. ATT's acts of omission and/or of commission as stated above violated the ADA, which prohibits discrimination against persons who are disabled, who have a record of disability, or who are regarded as disabled.

53. As a direct and proximate result of ATT's conduct as described above, Mrs. Duarte incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, she suffered mental anguish as a direct and proximate result of ATT's conduct.

WHEREFORE Plaintiff, Martha Duarte, demands the entry of a judgment in her favor and against Defendant, Bellsouth Telecommunications LLC, after trial by jury, for compensatory damages,

135      San      Lorenzo   770, Miami,  FL    46
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

including for emotional distress damages, to be placed in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and

employment-related benefits, the grant of injunctive relief prohibiting Bellsouth Telecommunications LLC from discriminating against her and reinstating her to her employment during this litigation, her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## COUNT III –DISABILITY RETALIATION IN VIOLATION OF THE ADA

Plaintiff, Martha Duarte, reincorporates and re-alleges paragraphs 1-24 as though set forth fully herein and further alleges as follows:

54.     The ADA prohibits retaliation against people with disabilities. 42 U.S.C. § 12203(a).

55.     Mrs. Duarte was disabled as a result of her mental impairment that substantially limited one or more major life activities, such as concentrating and working.

56.     ATT also "regarded" Mrs. Duarte as disabled as a result of her mental impairments that substantially limited one or more major life activities, such as concentrating and working.

57.     Mrs. Duarte was, nonetheless, still qualified to perform the functions of a Sales Associate with ATT.

58.     ATT was a "covered entity" that discriminated against Mrs. Duarte "on account of" her (perceived) disability and/or "on account of" her actual disability.

59.     Mrs. Duarte took various short-term disability leaves of absence from December 2015 to April 2019 based on her mental health diagnoses, which stemmed from the work environment created by ATT.

60.     ATT knew that Mrs. Duarte was disabled because her mental impairments formed

135     San     Lorenzo   770, Miami, FL     46
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

the basis of her short-term leaves of absence which she had to supply a doctor's note for, and the leave had to be approved by ATT.

61.     Mrs. Duarte engaged in protected activity by filing a charge of discrimination against ATT with the EEOC in 2017.

62.     After filing the EEOC charge, and in response to filing the charge, ATT still subjected Mrs. Duarte to adverse employment actions by preventing her from meeting sales targets, which also prevented her from earning commissions on her sales, and by refusing to accommodate her reasonable request to work from home due to the COVID-19 pandemic.

63.     ATT's acts of omission and/or of commission as stated above violated the ADA, which prohibits retaliation against persons who are disabled, who have a record of disability, or who are regarded as disabled.

64.     As a direct and proximate result of ATT's conduct as described above, Mrs. Duarte incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, she suffered mental anguish as a direct and proximate result of ATT's conduct.

WHEREFORE Plaintiff, Martha Duarte, demands the entry of a judgment in her favor and against Defendant, Bellsouth Telecommunications LLC, after trial by jury, for compensatory damages, including for emotional distress damages, to be placed in the position she would be in, but for the unlawful discrimination, through either reinstatement or lost past and future wages and employment-related benefits, the grant of injunctive relief prohibiting Bellsouth Telecommunications LLC from discriminating against her and reinstating her to her employment during this litigation, her attorneys' fees, costs, and all interest allowed by law, and such other relief

135      San    Lorenzo   770, Miami,  FL    46
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

as the Court deems just and proper.

## COUNT IV – HOSTILE WORK ENVIRONMENT  IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, Martha Duarte, reincorporates and re-alleges all paragraphs 1-24 as though set forth fully herein and further allege as follows:

65.     Florida Statute § 760.10(1) makes it an unlawful employment practice for an employer to "discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

66.     Mrs. Duarte belongs to a protected group as a handicapped individual, specifically a person with a mental impairment.

67.     Mrs. Duarte was subjected to unwelcome harassment when ATT refused to give her an access badge to the call center; when ATT provided her with broken office furniture; when ATT provided her with a computer that could not access all of ATT's internal systems that she needed to perform her work; when ATT failed to properly train her on new internal systems that were implemented during the time she had been unlawfully terminated; when ATT limited her access to potential customers and prevented her from reaching sales goals and earning commissions; and, when she was continually reprimanded by her supervisors for circumstances created by ATT.

68.     The harassment was based on Mrs. Duarte's mental disability.

69.     The harassment was sufficiently severe to alter the terms and conditions of Mrs. Duarte's employment and create a discriminatorily abusive work environment.

70.     ATT is liable for allowing a hostile work environment to exist where its supervisors were allowed to harass Mrs. Duarte in retaliation for filing EEOC complaints.

71.     As a direct and proximate result of this unlawful employment practice, Mrs. Duarte incurred economic losses, including the loss of wages and benefits, seniority, pension, vacation and sick leave benefits. In addition, Mrs. Duarte suffered psychological trauma and emotional distress.

72.     Pursuant to the FCRA, Mrs. Duarte is entitled to recover her attorneys' fees and costs from Defendant, in addition to punitive damages.

WHEREFORE, Plaintiff, Martha Duarte, demands the entry of a judgment in her favor and against Defendant, Bellsouth Telecommunications LLC, after trial by jury, for compensatory damages, including for emotional distress damages, to be placed in the position she would be in, but for the unlawful discrimination, through compensation of lost past and future wages and employment-related benefits, and awarding her attorneys' fees, costs, and all interest allowed by law, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Martha Duarte, demands a trial by jury of all issues so triable.

Respectfully submitted on June 15, 2022.

s/Toussaint Cummings, Esq.
Toussaint Cummings, Esq.
Fla. Bar No. 119877
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Miami, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*

12

s/Brian H. Pollock, Esq.
Brian Pollock, Esq.
Fla. Bar No. 174742
Brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Miami, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*